**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KARIN KEEGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09cv00057 |
| | ) | |
| DELTA AIR LINES, INC., and | ) | |
| JET BLUE AIRWAYS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Now pending are DEFENDANT DELTA AIR LINE INC.'s MOTION TO DISMISS

(Document No. 13) and DEFENDANT JET BLUE AIRWAYS's MOTION TO DISMISS

PLAINIFF'S AMENDED COMPLAINT OR IN THE ALTERNATIVE, TRANSFER VENUE

(Document No. 17). All parties have filed briefs (Document Nos. 14, 16, 18, 23, and 24) in

support of their respective positions and the motions are ripe for resolution.

Procedural History

The original complaint in this case was filed on January 16, 2009. On February 9,

2009, Defendant Delta filed a Motion to Dismiss pursuant to Rule 12(b)(6). In response to

Defendant's motion, Plaintiff filed an Amended Complaint on February 10, 2009. Defendants

have renewed their Motions to Dismiss, contending despite the amendments, the complaint still

fails to state a claim upon which relief can be granted.

Factual Background

        In the Amended Complaint, Plaintiff asserts the following: (a) in Count One, a claim of sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") against Jet Blue; (b) in Count Two, a Title VII sex discrimination claim against Delta; and (c) a sex discrimination claim under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §955 *et seq.* against both Jet Blue and Delta[1] Plaintiff, Karin Keegan, has been employed as a flight attendant by Delta since July 2000. (Am. Compl. 2.) Delta has an agreement with Jet Blue that provides Delta employees with free airline transportation on Jet Blue to and from work. *Id.*

        Plaintiff lives in Pittsburgh, Pennsylvania. Defendant Delta Airlines has its principal place of business in Atlanta, Georgia. Defendant JetBlue has its principal place of business in Forest Hills, New York. The incident giving rise to this lawsuit occurred at a JetBlue terminal at JFK airport in New York. Plaintiff alleges that on October 10, 2007, a Jet Blue employee named Oliver Angus denied Plaintiff access to board its plane, because she was not appropriately dressed, while allowing others flight attendants with less seniority who were "more provocatively" dressed to board. *Id.* When Plaintiff changed into "more provocative" clothes, Plaintiff alleges that Oliver Angus told her, "she was too late to board the plane and should have dressed like that before." *Id.* Plaintiff alleges that she complained to a Jet Blue supervisor and a Delta supervisor, both of whom failed to remedy the situation. *Id.* at 3. Plaintiff alleges that Delta's and Jet Blue's discriminatory denial of an employment benefit resulted in lost wages, loss of economic benefits, emotional distress, depression, inconvenience and humiliation. *Id.* at 3-6.

---

[1] Plaintiff amended the original complaint to abandon her claim in Count III against Delta under Title VII of the Civil Rights Act of 1964 for "hostile work environment."

Legal Analysis

The Court need not reach the merits of Defendants' motions to dismiss the amended complaint pursuant to Fed. R Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Instead, the Court concludes that this lawsuit was filed in an improper venue.

Plaintiff alleges claims under Title VII and the Pennsylvania Human Relations Act ("PHRA"). The same legal standards govern claims under both statutes. Title VII contains an venue provision at 42 U.S.C. § 2000e-5(f)(3):

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

This venue provision is exclusive. *See Thurmon v. Marietta Data Systems*, 596 F. Supp. 367, 368 (M.D. Pa. 1984). Although the amended complaint does not allege where the conduct at issue took place, Plaintiff does not contest that the incident occurred at JFK airport in New York and that the employment records relevant to the incident would also be maintained in New York. *See* Rossi Declaration and Reply Brief at 4. The Court notes that the amended complaint alleges that JetBlue's principal office is also in New York. The alleged practice did not occur in Pennsylvania, the employment records are not maintained in Pennsylvania, and Defendants' principal offices are not located in Pennsylvania. Thus, venue is not proper in this Court.

Pursuant to 28 U.S.C. § 1406(a), if venue is improper, a court can either dismiss the claim or transfer it to a district in which it could have been brought. In this case, the complaint could (and should) have properly been brought in the United States District Court for the Eastern District of New York. In the interest of justice, the case will be transferred to that Court.

Accordingly, DEFENDANT JET BLUE AIRWAYS's MOTION TO TRANSFER VENUE (Document No. 17) is **GRANTED**. The clerk shall transfer this case to the United States District Court for the Eastern District of New York.

So **ORDERED** this 20th day of May, 2009.

BY THE COURT:

s/Terrence F. McVerry, Judge

United States District Court

cc:       Beth M. Henke, Esquire
Marcus & Shapira, LLC
Email: henke@marcus-shapira.com

Christopher K. Ramsey, Esquire
Morgan, Lewis & Bockius LLP
Email: cramsey@morganlewis.com

Stephanie Rosel Reiss, Esquire
Morgan, Lewis & Bockius LLP
Email: sreiss@morganlewis.com

Samuel J. Cordes, Esquire
Ogg, Cordes, Murphy & Ignelzi, LLP

Christine T. Elzer, Esquire
Ogg, Cordes, Murphy & Ignelzi, LLP